**U–Akbar Sharrieff BISMILLAH,**
**Petitioner–Appellant,**

v.

**James GOMEZ, Warden, Respondent–**
**Appellee.**

No. 00–17257.

D.C. No. CV–95–01851–MHP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Dec. 20, 2001.

**664**

Before B. FLETCHER, BOOCHEVER, and FISHER, Circuit Judges.

MEMORANDUM *

U–Akbar Sharrieff Bismillah petitions this Court for habeas relief from his conviction for the kidnaping and felony assault of Janet Alston. Bismillah claims that the trial court constitutionally erred by failing to rule on defense counsel's request for a mental competency hearing. The trial court, however, was not required to conduct a competency hearing because the evidence before it was insufficient to raise a bona fide doubt as to Bismillah's competence. The declaration of attorney William Daley contained only a conclusory allegation of incompetence, unsupported by specific facts. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 510 (9th Cir.1994). Bismillah offered no medical history suggesting incompetence, and his behavioral history appears to reflect obstinance rather than incompetence. On the same day that Daley submitted his declaration, the trial court held a hearing on Bismillah's pending motion to substitute counsel under *People v. Marsden,* 2 Cal.3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (Cal.1970). A few days later, the trial court held a hearing to consider Bismillah's motion to represent himself under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). These hearings provided ample opportunity for the trial court to conclude that, while Bismillah may have been disappointed with his attorney's performance, he was capable of assisting in his own defense. Moreover, because the Daley declaration and Bismillah's history with his attorneys were themselves insufficient to raise a bona fide doubt as to Bismillah's competence, the trial court was not required to conduct a competency hearing under *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). *See Sherrick v. Eyman,* 389 F.2d 648, 653 (9th Cir.1968) (competency hearing not required when insufficient evidence to raise bona fide doubt). Although we are troubled that the trial court failed to rule on Daley's request, there is no authority to reverse the conviction on this ground alone, and certainly not under the circumstances here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

Bismillah also contends that he was deprived of effective assistance of counsel because his attorney failed to investigate Alston's extensive criminal history and motive to lie in exchange for prosecutorial leniency. To prevail on an ineffective assistance of counsel claim, Bismillah must prove that (1) Daley's performance "fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Bismillah's attorney did fail to discover several cases involving Alston at the Berkeley Municipal Court. However, Alston's credibility was sufficiently undermined by other evidence presented at trial. The evidence showed that Alston was a drug addict who was on probation for four unspecified misdemeanor convictions. At trial, Bismillah's attorney pointed out that Alston was in jail at the time of trial and argued that she was testifying because she felt coerced by her probation status. Indeed, the fact that the jury acquitted Bismillah of the rape charge, which was based entirely on Alston's uncorroborated allegations, suggests that the jury did not find her entirely credible.

Moreover, with regard to the assault and kidnaping charges, Alston's testimony was corroborated by other credible evidence. At trial, Alston's mother testified that Alston was not injured before she went away with Bismillah. A physical exam revealed that Alston's substantial injuries were less than one week old and caused by a blunt object. A crutch was found in Bismillah's van. Alston testified that Bismillah threatened her with a knife, and a knife was found in Bismillah's van. Alston's testimony regarding the kidnaping charge was also independently corroborated. Alston's mother testified that Alston was screaming as Bismillah carried her to the van. Bismillah contends that, had Alston been further impeached, the jury would have credited Bismillah's theory that Alston changed her mind about going with Bismillah once she entered the van. This is highly unlikely. At trial, the jury saw photographs and heard testimony, from Alston's mother and Alston herself, that Alston had once before changed her mind about taking a trip with Bismillah. However, the jury may well have considered the evidence that Bismillah caused Alston's extensive injuries as corroborating Alston's testimony that she did not acquiesce in *this* trip. Absent any affirmative evidence that Alston changed her mind on this trip, further impeachment of Alston would have been irrelevant to the jury's verdict on the kidnaping charge.

AFFIRMED.